# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| ANTWON M. COOK, | ) |
|     *Petitioner*, | ) Case No. 1:16-cv-398 |
| v. | ) Judge Travis R. McDonough |
| DAVID J. EBBERT, Warden, and | ) Magistrate Judge Susan K. Lee |
| HERBERT H. SLATTERY, III, Attorney | ) |
| General of the State of Tennessee, | ) |
|     *Respondents*. | ) |

## MEMORANDUM OPINION

Antwon M. Cook, ("Petitioner"), a federal prisoner, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2006 Bradley County, Tennessee convictions for cocaine-related offenses. (Doc. 1, at 1.)[1] Respondent Warden David J. Ebbert has moved to dismiss the petition, arguing that it is untimely under 28 U.S.C. § 2244(d)(1)(A). (Doc. 7.) In support of the motion to dismiss, Respondent has submitted a brief and copies of the state court record. (Docs. 8, 9.) Petitioner has responded, arguing that equitable tolling of § 2244(d)'s statute of limitations applies to save his otherwise untimely petition. (Doc. 15.) For the reasons below, the Court will **GRANT** Respondent's motion to dismiss (Doc. 7) and will **DISMISS** the petition.

---

[1] Petitioner is in the custody of the Bureau of Prisons ("BOP"), serving an aggregate sentence of 126 months' confinement for two violent felony convictions. (*United States v. Cook*, No. 1:04-CR-83, Doc. 43, Judgment of Jan. 4, 2006.)

## I. BACKGROUND

On January 9, 2006, pursuant to his guilty plea, Petitioner was convicted in the Bradley County Criminal Court on one count of the sale of more than one-half gram of cocaine and one count of possession with the intent to sell more than one-half gram of cocaine. (Doc. 9-1, at 20–21.) As a result, Petitioner received two concurrent eight-year sentences, set to be served concurrently with a prior federal sentence. (*Id.*) Petitioner did not pursue a direct appeal.

On December 2, 2013, Petitioner filed a petition for a writ of error *coram nobis* in the state trial court. (*Id.* at 3–15.) Among other claims for collateral relief, Petitioner asserted in his petition he received ineffective assistance of counsel, which resulted in the imposition of an illegal sentence. (*Id.* at 7.) More specifically, Petitioner maintained that counsel induced him to plead guilty by promising him that he could serve his state sentences concurrently with his federal sentence. (*Id.*) However, in 2010, when Petitioner was released to federal custody, he applied for but was denied sentencing credits for the state sentence. Petitioner understood, from this experience, that he was precluded from serving his federal sentence concurrent with his state sentences due to errors in his state sentencing judgment. (Doc. 9-2 at 3.) Petitioner claimed that those alleged errors adversely affected his current federal confinement because a state court's judgment directing that state sentences run concurrently with a federal sentence does not bind the BOP in the execution of the federal sentence. (Doc. 9-1 at 12.)

The trial court ruled that Petitioner had shown no grounds for *coram nobis* relief and that the petition was untimely, even if the pleading was construed as a post-conviction petition, and it then dismissed the petition. (*Id.* at 43.) On appeal, the Tennessee Court of Criminal Appeals ("TCCA") agreed that the petition was untimely and affirmed the lower court's decision. (Doc. 9-2, at 3.)

On August 28, 2014, Petitioner filed a post-conviction petition in the trial court, asking that equitable tolling be applied to the limitations statute. (Doc. 9-3, at 4–9.) The trial court concluded that due process did not toll the post-conviction statute of limitations and dismissed the petition as untimely. (*Id.* at 53–59.) On appeal, the TCCA determined that equitable tolling did not apply and, on June 2, 2015, affirmed the lower court's decision. (Doc. 9-4, at 1–4.) The Tennessee Supreme Court denied Petitioner permission to appeal on September 17, 2015 (Doc. 9-5, at 1), and Petitioner subsequently filed the instant § 2254 petition (Doc. 1).

## II. DISCUSSION

### A. The "In Custody" Requirement

Federal courts are authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). While the parties have not raised the issue of the Court's jurisdiction over the petition, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). The Court does so here.

The "in custody" term in § 2254(a) has been interpreted as a requirement that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). Thus, where a conviction has been fully served, a habeas petitioner is no longer "in custody" under that conviction, and a federal court lacks jurisdiction to set aside the conviction on the ground that the conviction was obtained in violation of the United States Constitution. *Maleng*, 490 U.S. at 492. After a conviction has completely expired, the collateral consequences of such a conviction are not

3

enough to render the petitioner "in custody" under § 2254(a). *Id.* There is one caveat, however. A petitioner who challenges the imposition of consecutive sentences may attack a conviction underlying that sentence, even if that conviction has expired. *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). That caveat is inoperative here because Petitioner's challenge is to a state court judgment imposing concurrent state sentences, not consecutive sentences.

The record in this case reflects that, on January 9, 2006, Petitioner was sentenced to concurrent eight-year terms of confinement, receiving pretrial jail credits for a period that spanned two years, one month and twenty-eight days. (Doc. 9-3, at 13–14.) Petitioner completed his state sentences on June 1, 2010, four years, four months and twenty-three days later. (*Id.* at 16.)

On September 16, 2016, Petitioner filed the instant habeas corpus petition. (Doc. 1.) Petitioner does not enjoy the benefit of the prison mailbox rule announced in *Houston v. Lack*, 478 U.S. 266, 276 (1988) (deeming a prisoner's action to be filed on the date that it is properly delivered to the prison officials for mailing), because Petitioner's pleading was mailed to the Court by a third party (Doc. 1-1, at 1; Doc. 1-2, at 1). *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (prison mailbox rule does not apply to the mailing of habeas petitions to third parties who then mail it to the court for filing).

Petitioner's eight-year sentence for his 2006 Bradley County cocaine convictions expired in 2010, years before he filed his § 2254 petition in 2016. (Doc. 1.) Furthermore, when a petition challenges an expired sentence, "the duration of Petitioner's time in custody will not be decreased should his petition succeed." *Hughes v. Birkett*, 173 F. App'x 448, 448 (6th Cir. 2006), *accord Bowling v. White*, No. 15-6318, 2017 WL 2471262, at *1 (6th Cir. June 8, 2017)

4

(quoting *Garlotte*, 515 at 47) (explaining that the "core purpose" of federal habeas review is to "shorten [a] term of incarceration" in the event a petitioner "proves unconstitutionality").

Because Petitioner's state court concurrent sentences expired in 2010 and because success in this petition would not shorten his federal sentence, the Court concludes that Petitioner was not "in custody" on those state convictions when he filed his petition. Therefore, the Court lacks the authority to entertain this habeas corpus petition.

**B.     Timeliness**

Even if Petitioner had been "in custody" pursuant to his Bradley County cocaine convictions at the time he filed this § 2254 petition, he could not obtain habeas corpus relief from those convictions because his petition is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, amended the federal habeas corpus statutes and added a one-year statute of limitations to regulate the time for filing an application for a federal writ of habeas corpus. In the typical case, the statute of limitations begins to run from the date a petitioner's state judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

As stated, Petitioner's Bradley County criminal judgment was issued on January 9, 2006, and he did not appeal. Hence, under § 2244(d)(1)(A), Petitioner's conviction and judgment became final on February 9, 2006, upon the lapse of the thirty-day period for seeking an appeal in the TCCA. *See State v. Green*, 106 S.W.3d 646, 648-50 (Tenn. 2002) (finding that a judgment based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence) (citing Tenn. R. App. P. 4(a)). Accordingly, for purposes of §

2244(d)(1)(A), the AEDPA statute began to run in Petitioner's case on February 9, 2006, and it was set to expire one year later, on February 9, 2007.

The statute also "delays the start date—thus effectively tolling the limitations period"— where "the factual predicate for the prisoner's claim could not previously have been discovered through due diligence." *Holland v. Florida*, 560 U.S. 631, 661 (2010) (quoting § 2244(d)(1)(D)). Both parties have used a delayed start date of 2010 as the date § 2244(d)(1)(D)'s limitation statute started running.

Petitioner asserts that he learned upon his arrival at the BOP correctional facility on October 5, 2010, that he "could lawfully only receive a small amount of jail credits from the BOP [] for the time spent while in state custody" and that this situation "resulted from the State's unlawful sentence and ineffective assistance of counsel." (Doc. 15, at 2.) The Court will make two assumptions for the purpose of resolving the Motion to Dismiss: (1) that Petitioner's 2010 discovery that the BOP would not give him jail credits on his federal sentence for the time he spent in state prison is the factual predicate for the ineffective assistance of counsel claim set out in his pleading; and (2) that this fact could not previously have been discovered through his exercise of due diligence.

This means Petitioner would have had one year from the new start date of October 5, 2010, *i.e.*, until October 5, 2011, within which to file the instant habeas corpus petition. However, the petition was filed on September 16, 2016, some four years, eight and one-half months too late under § 2244(d)(1)(D) and nine years too late under § 2244(d)(1)(A).

### i. Statutory Tolling

The statute, however, provides a tolling mechanism. The statute is tolled under § 2244(d)(2) during the time "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

As noted, Petitioner filed a petition for a writ of error *coram nobis* on December 2, 2013. The *coram nobis* petition cannot serve to toll § 2244(d)(1)'s limitation period because, by the time the state collateral proceedings were initiated, the AEDPA's clock had already stopped and there was no time left to toll. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."); *Hargrove v. Brigano,* 300 F.3d 717, 718 n.1 (6th Cir. 2002). The same holds true of the post-conviction petition that Petitioner filed on August 28, 2014, because it likewise could not revive the expired AEDPA period.

Furthermore, only a "properly filed" state petition for collateral review triggers the AEDPA's statutory tolling mechanism. 28 U.S.C. § 2244(d)(2). The Supreme Court has ruled "that time limits, *no matter their form*, are 'filing' conditions, and that a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely." *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (emphasis in original) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)) (some internal quotation marks omitted). The state courts held that Petitioner's *coram nobis* and post-conviction petitions were barred by the state statute of limitations controlling both types of petitions. Because those state petitions were not properly filed, the statute was not tolled.

7

Thus, Petitioner does not qualify for statutory tolling.

## 2. Equitable Tolling

In Petitioner's response to Respondent's Motion to Dismiss, he requests equitable tolling of the statute of limitation. (Doc. 15.) The AEDPA statute of limitation is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (remarking that limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted).

Equitable tolling of AEDPA's limitation statute is warranted where a petitioner shows that he: (1) has diligently pursued his rights; and (2) was prevented from timely filing the petition because an extraordinary circumstance stood in his way. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A court must decide whether to toll the statute on a case-by-case basis. *Cook*, 295 F.3d at 521. Federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook*, 295 F.3d at 521.

The Court has pieced together from the Petitioner's pleading and his response to Respondent's dispositive motion those arguments that seemingly pertain to his request for equable tolling. Along these lines, Petitioner maintains that he arrived at the BOP facility to commence serving his federal sentence on October 5, 2010, (Doc. 1, at 21; Doc. 15, at 8), and thus "came in a new jurisdiction," where he faced new statutes and policies and a lack of "access to any state law period!" (Doc. 15, at 2). Petitioner asserts that because the BOP law library did not contain any state case law material, he had no opportunity to research Tennessee's post-conviction law. (Doc. 1, at 23.)

8

Presuming initially that the BOP was "at fault" in "acting in direct opposition to the state judge's explicit order of an (sic) concurrent sentence," Petitioner maintains that, rather than seek state post-conviction relief, he pursued BOP administrative remedies to obtain prior custody jail credits. (Doc. 1, at 22; Doc. 15, at 8.) Petitioner obtained a partial remedy, in that he received five days of jail credits on February 24, 2011, and 46 days of jail credits on January 4, 2013. (Doc. 15, at 2.) On August 14, 2013, Petitioner discerned that the BOP could credit him with a total of only 51 days jail credit for the time he spend in state custody. (*Id.*) Apparently, this realization prompted Petitioner to seek another remedy, but this time he turned to a state judicial remedy.

On August 4, 2013, or soon thereafter, Petitioner put the state court on notice regarding the problematic circumstances of his sentence. (*Id.*) The "notice" to which Petitioner refers was his August 21, 2013 inquiry to the Bradley County Court Clerk seeking the Clerk's guidance as to the steps he needed to take to correct the state court's alleged error in directing in Petitioner's criminal judgment that his state sentences be served concurrently with his federal sentence. (*Id.* at 9–10.)

The Court concludes, based on the record in this case, that in January of 2006, Petitioner was aware that his Bradley County criminal judgments directed that he serve his two state sentences concurrently with his federal sentence. By Petitioner's own allegations, he was aware on or about October 5, 2010, that he would be required to serve his federal sentence consecutively to his state sentences. Petitioner claims he did not know whether his problem with the consecutiveness of his federal sentence arose from the state court's legal error or the BOPs administrative error. In effect, Petitioner is asserting that, due to a lack of legal knowledge as to

the source of his problem, he sought a federal administrative remedy rather than a habeas corpus petition.

A mere lack of legal knowledge on the part of a pro se petitioner generally does not justify equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (finding that "ignorance of the law alone is not sufficient to warrant equitable tolling")); *Applegate v. Beckstrom*, No. CIV.A. 11-92-JBC, 2011 WL 7168744, at *4 (E.D. Ky. Dec. 5, 2011) (listing cases), *report and recommendation adopted*, No. CIV.A. 11-92-JBC, 2012 WL 404921 (E.D. Ky. Feb. 7, 2012); *Sinclair v. Cason*, No. 03-10024-BC, 2004 WL 539226, at *3 (E.D. Mich. Mar. 16, 2004) (declining to equitably toll the statute based on the fact that a petitioner is untrained in the law); *Johnson v. Smith*, No. 02-10010-BC, 2003 WL 1798093, at *3 (E.D. Mich. Mar. 13, 2003) (finding that a petitioner's lack of legal education and ignorance of the law does not call for equitable tolling).

Nor is equitable tolling available for a misapprehension about the application of law. *Rodriguez v. Dretke*, 2004 WL 1586149, *2 and n.16 (N.D. Tex. July 14, 2004) (citing *Fierro v. Cockrell*, 294 F.3d 674, 680-82 (5th Cir. 2002)). Similarly, an inadequate prison law library standing alone is insufficient to invoke equitable tolling. *Mendoza v. Minnesota*, 100 F. App'x 587, 587-88 (8th Cir. 2004) (no equitable tolling based on inadequate access to law books); *Robinson v. Johnson*, 2001 WL 1066893, at *2 (5th Cir. Aug. 14, 2001) (ruling that an inadequate prison law library does not constitute a "rare and exceptional circumstance" warranting equitable tolling) (quoting *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000)).

Petitioner's pursuit of BOP administrative remedies before he filed his habeas corpus petition does not justify equitable tolling either. Section § 2244(d)(2), which tolls AEDPA's limitations statute while a state prisoner's petition for state post-conviction or other collateral

relief is pending, is not available where a Petitioner pursues relief through a federal remedy. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (commenting that "[r]ead naturally, the text of [§ 2244(d)(2)] must mean that the statute of limitations is tolled only while state courts review the application"); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (restricting AEDPA's tolling provisions to state procedures, excluding federal processes); *cf. Franklin v. Bagley*, 27 F. App'x. 541, 542–543 (6th Cir. 2001) (limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence).

Nothing alleged by Petitioner supplies a basis for equitable tolling of the limitation period. Petitioner, who shoulders the burden of justifying the application of equitable tolling, has failed to carry his burden. Therefore, equitable tolling is not appropriate in this case and it cannot be invoked to save this untimely petition.

## III. CERTIFICATE OF APPEALABILITY

The Court must next consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. Where a court dismisses a § 2254 petition on procedural grounds, a COA will issue upon a showing that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not disagree about whether the Court correctly ruled that it lacks jurisdiction to grant the petition and, alternatively, that the petition is

untimely; thus, he will be denied a certificate of appealability. Fed. R. App. P. 22(b); *Slack,* 529 U.S. at 484.

IV. **CONCLUSION**

Based on the above discussion, the Court has determined it lacks jurisdiction over this habeas corpus petition and that, alternatively, the petition is time-barred under § 2244(d)(2). Therefore, the Court will **GRANT** Respondent's motion to dismiss the petition (Doc. 7) and will **DISMISS** this case.

In addition to the above, the Court will **DENY** Petitioner a certificate of appealability; will **CERTIFY** that any appeal from this action would not be taken in good faith; and will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**